```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


NATHANIEL PITTS,                  :    CRIMINAL ACTION
                                  :    NO. 10-703
         Petitioner,              :
                                  :    CIVIL ACTION
    v.                            :    NO. 13-7593
                                  :
UNITED STATES OF AMERICA,         :
                                  :
         Respondent.              :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          December 17, 2015

Pro se petitioner Nathaniel Pitts ("Pitts" or "Petitioner"), a federal prisoner, seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. ECF No. 151. He also seeks reconsideration of the Court's order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF Nos. 162, 168. For the reasons that follow, the Court will deny both motions.

I.   BACKGROUND AND PROCEDURAL HISTORY

On October 27, 2010, a federal grand jury indicted Petitioner on the following five counts: (1) possession of cocaine with intent to distribute in violation of 21 U.S.C § 841(a)(1), (b)(1)(C); (2) possession of cocaine base ("crack")

1

with intent to distribute in violation of 21 U.S.C. § 841(a)(1),(b)(1)(C); (3) possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1),(b)(1)(C); (4) possession of a firearm in furtherance of a federal drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and (5) possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Indictment, ECF No. 8. After trial, the jury found Petitioner guilty on all five charges. Trial Tr. 8:7-9:6, June 9, 2011, ECF No. 82.

        The U.S. Probation Office prepared a presentence investigation report, calculating Petitioner's guideline range under the U.S. Sentencing Guidelines. See generally Presentence Investigation Report [hereinafter "PSR"]. The Probation Office excluded Count Four for possession of a firearm in furtherance of a federal drug trafficking crime from the calculation under U.S. Sentencing Guidelines ("U.S.S.G.") Section 3D1.1(b)(1), because Count Four requires a five-year consecutive term of imprisonment. PSR ¶ 19; see 18 U.S.C. § 924(c)(1)(A)(i) (stating minimum term of imprisonment as five years); U.S. Sentencing Guidelines Manual (U.S. Sentencing Comm'n 2015) § 2K2.4(b) [hereinafter "U.S.S.G."] (explaining that "the guideline sentence is the minimum term of imprisonment required by statute"); id. cmt. n.5.

The remaining counts were grouped together under U.S.S.G. Section 3D1.2(d) based on the Probation Office's determination that Count Five for a felon in possession of a firearm embodies conduct that is treated as a specific offense characteristic in the Guideline applicable to Counts One, Two, and Three for possession with intent to distribute controlled substances. PSR ¶ 17.

The Probation Office found that the highest offense level for the individual counts was 20, based on the guideline applicable to Count Five for a felon in possession of a firearm. Id. ¶ 20. Given that the highest offense level for the individual counts was 20, the PSR provided that the base offense level for the grouped counts was 20 pursuant to Section 3D1.3(a). Id. ¶¶ 18, 20.

Petitioner was given a two-level enhancement pursuant to U.S.S.G. Section 2K2.1(b)(4)(A), because the firearm that served as the basis for his § 922(g) conviction was stolen. Id. ¶ 21. He was given another two-level enhancement for obstruction of justice[1] pursuant to U.S.S.G. Section 3C1.1. Id. ¶ 24. With all applicable adjustments, the total offense level was 24. Id.

---

[1]   The adjustment for obstruction of justice was based on the Government's position that Petitioner's testimony was false. PSR ¶ 24. To support this conclusion, the Probation Office explained that Petitioner testified that he did not put the drugs in his car or house, he did not put the gun in his house, and he never intended to sell any drugs. Id. ¶ 13.

3

¶ 28. The Probation Office concluded that Petitioner had a criminal history category of II, and his guideline range on the grouped counts was 57 to 71 months, plus a mandatory consecutive sentence of 60 months on the § 924(c) count. PSR ¶ 74.

At the sentencing hearing, the Court adopted the guideline range in the PSR, thereby sentencing Petitioner to 66 months on the grouped counts and a consecutive sentence of 60 months on the § 924(c) count, for a total of 126 months' imprisonment. Sentencing Hr'g Tr. 62:6-17, ECF No. 148. In total, Petitioner was sentenced as follows: 126 months' imprisonment, six years of supervised release, a $5,000 fine, and a $500 special assessment. ECF No. 115.[2]

On December 27, 2013, Petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming prosecutorial misconduct in violation of his due process rights, as well as ineffective assistance of counsel in violation of his Sixth Amendment rights. Mot. Under 28 U.S.C. § 2255, ECF No. 136 [hereinafter "Pet."]. This Court denied Petitioner's § 2255 motion. Mem., ECF No. 156; Order, ECF No. 157.

On June 22, 2015, Petitioner moved for reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782. ECF

---

[2] The October 29, 2011, Judgment and Commitment Order was subsequently amended to reflect the fact that Petitioner's interest in certain property was to be forfeited to the United States. Order, ECF No. 117; Am. J., ECF No. 118. The judgment otherwise remained unmodified and in effect.

No. 151. On September 17, 2015, the Government filed a response to Petitioner's motion. Gov't's Resp., ECF No. 166. The Government states that Petitioner's motion should be denied because Amendment 782 cannot apply where Petitioner's sentence was based on U.S.S.G. Section 2K2.1, not U.S.S.G. Section 2D1.1. Id. at 2.

Following his Motion for Reduction of Sentence, Petitioner filed a Motion for Reconsideration of the Court's order denying his § 2255 motion. Mot. Recons., ECF No. 162. Petitioner then filed a "Nunc Pro Tunc Motion based on Newly [D]iscovered [E]vidence" to supplement his Motion for Reconsideration. ECF No. 168.

## II.  PETITIONER'S MOTION FOR REDUCTION OF SENTENCE

### A.  Legal Standard

Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

5

Effective November 1, 2014, the U.S. Sentencing Commission amended the U.S. Sentencing Guidelines to lower the base offense levels found in the Drug Quantity Table in U.S.S.G. Section 2D1.1 by two levels across all drug types. U.S.S.G. suppl. app. C., amend. 782 (U.S. Sentencing Comm'n 2014). The Sentencing Commission made Amendment 782 retroactive. U.S.S.G. § 1B1.10(a)(1).

Pursuant to § 3582(c)(2), a defendant is eligible for a reduction in sentence based on one of the retroactive amendments only when the defendant was "sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A court may not reduce a defendant's term of imprisonment if the amendment does not actually "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). To determine whether a sentence reduction is proper, a district court may consider only the effect of the applicable guideline amendment, with "all other guideline application decisions unaffected." Id. § 1B1.10(b)(1).

### B. Petitioner's Motion for Reduction of Sentence Under Amendment 782

Section 3582(c)(2) cannot serve as a basis for retroactive reduction of Petitioner's sentence. Application Note 1(A) to Section 1B1.10 of the Guidelines explains that a

reduction is not authorized under § 3582(c)(2) if a guideline amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A).

Here, Amendment 782 does not have the effect of lowering Petitioner's applicable guideline range because of the operation of another guideline. Counts One, Two, Three, and Five of Petitioner's indictment were grouped together under Section 3D1.2(d) because Count Five for a felon in possession of a firearm embodies conduct that is treated as a specific offense characteristic in the guideline applicable to Counts One, Two, and Three for possession with intent to distribute controlled substances. PSR ¶ 17; see U.S.S.G. § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels.").

The offense level for grouped counts is determined by calculating the offense level applicable to each individual count, and then applying the highest of those levels to the group. U.S.S.G. § 3D1.3(a). Here, the highest level is 20.

Section 2D1.1 of the Guidelines applies to the individual § 841 offenses for possession with intent to distribute controlled substances (Counts One, Two, and Three). Petitioner possessed 129 grams of cocaine, 715 grams of

marijuana, and .62 grams of crack. Gov't's Resp. 3, ECF No. 166. Therefore, under Section 2D1.1, Petitioner's base level offense would be 18.

Section 2K2.1 of the Guidelines applies to the § 922(g) offense for a felon in possession of a firearm (Count Five). Under Section 2K2.1(a)(4)(A), if the defendant committed any part of the offense after having sustained one felony conviction of either a crime of violence or a controlled substance offense, the base level offense shall be 20. Here, Section 2K2.1(a)(4)(A) applies because Petitioner was found guilty by a jury verdict on November 24, 1997, of possession with intent to distribute 50 or more grams of cocaine. PSR ¶ 20; see United States v. Pitts, 3 F. Supp. 2d 637 (E.D. Pa. 1998). As such, the base level offense for the § 922(g) offense would be 20. PSR ¶ 20. Therefore, since the highest offense level for the individual counts is 20, the base offense level for the grouped counts is 20 pursuant to Section 3D1.3(a).

Amendment 782 has no effect on this calculation because Amendment 782 applies only to those sentences calculated using Section 2D1.1. See U.S.S.G. suppl. app. C, amend. 782. Since the offense level under Section 2K2.1 for Petitioner's firearms offense was higher than the offense level under Section 2D1.1 for the drug quantity of his controlled substances offenses, Petitioner's sentence was calculated using the higher

8

base offense level for his § 922(g) firearms offense pursuant to Section 3D1.3(a). He was not sentenced using the offense levels assigned to the drug quantities described in Section 2D1.1--the only guideline to which Amendment 782 applies.[3] Therefore, because another guideline controlled Petitioner's sentencing calculation, Petitioner is not eligible for an Amendment 782 reduction under § 3582(c)(2).[4]

### III. PETITIONER'S MOTION FOR RECONSIDERATION

A. <u>Legal Standard</u>

The Third Circuit "regards a motion labeled only as a motion for reconsideration as the functional equivalent of a Rule 59 motion." <u>Venen v. Sweet</u>, 758 F.2d 117, 122 (3d Cir. 1985). A Rule 59 motion to alter or amend the judgment "must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence [not

---

[3] In other words, Petitioner's base offense level would have been calculated under section 2D1.1 and would have been subject to the Amendment 782 but for the fact that the related firearm offenses triggered application of section 2K2.1, which exceeded and replaced the lower base offense level under Section 2D1.1.

[4] The Court has also considered Petitioner's "Response to the Governments [sic] Response to [M]otion for Reduction of Sentence." ECF No. 167. Therein, Petitioner argued that "this was actually a drug case and not a firearm case" because the sentencing was improper under Amendment 599. <u>Id.</u> at 2. For the reasons stated in the order accompanying this memorandum, Petitioner's arguments do not affect the Court's decision to deny Petitioner's Motion for Reduction of Sentence under § 3582(c).

available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (alterations in original). Such motions "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." PBI Performance Prods., Inc. v. NorFab Corp., 514 F. Supp. 2d 732, 743-44 (E.D. Pa. 2007) (internal quotation marks omitted) (quoting Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526, 527 (D. Del. 2005)).

    B.   The Fingerprint Evidence

Petitioner's Motion for Reconsideration is without merit. Petitioner alleges that reconsideration is necessary "to prevent 'manifest [i]njustice' and to correct a clear error of law or fact ensuing from a 2255 proceeding where he was denied his Sixth Amendment rights under the United States Constitution." Mot. Recons. 1.

In his § 2255 motion, Petitioner argued that his attorney provided ineffective assistance by failing to object to the "CSI" jury instruction. Pet. 7;[5] Mot. Recons. 1-2. At trial, the court instructed the jury as follows: "During the trial you

---

[5] In his "Memorandum to Support 2255," Petitioner omitted the numeral seven in numbering his pages. As a result, there are two pages marked as page six. The Court will refer to the second of the two pages as page seven for clarity's sake.

10

heard testimony of witnesses and argument by counsel, but the government did not use specific investigative technique, such as fingerprint analysis, DNA analysis, or the use of recording devices." Trial Tr. 84:22-85:1, June 8, 2011, ECF No. 81. Petitioner argued that this jury instruction was improper because the Government did in fact use fingerprint analysis but simply could not find any evidence linking Petitioner to the charges using the fingerprint method. Pet. 7. In turn, Petitioner argued that his attorney should have objected because the instruction unfairly encouraged the jury to think that no testing was done. Id.

This Court denied Petitioner's claim because the fingerprint analysis was not used in the Government's case against Petitioner; the jury found sufficient evidence to convict Petitioner despite the lack of investigative evidence; and Petitioner was in no way prejudiced by the instruction. Mem. 30, ECF No. 156; Order Den. Pet'r's Mot., ECF No. 157.

Now, Petitioner argues that when he initially filed his § 2255 motion, he "was going off of [his] recol[l]ection of what happened at trial" but now has "a copy of [the] transcripts so [he] could quote and [c]ite exactly where the exchange took place." Mot. Recons. 2. He specifically cites the following exchange between his attorney, William Cannon, and DEA Officer Oswaldo Toledo at trial:

11

> Q. There were no fingerprints of Mr. Pitts' obtained on that gun, is that right?
>
> A. That's correct, no finger prints.

Trial Tr. 47:9-11, June 7, 2011, ECF No. 79.

Based on this exchange, Petitioner seems to contend that if Mr. Cannon based his argument on the absence of fingerprint evidence and the instruction said not to consider it, then Mr. Cannon should have objected to the instruction. See Mot. Recons. 2.

However, the fingerprint evidence and corresponding testimony were available to Petitioner prior to the Court's order denying § 2255 relief. Petitioner is "not entitled to reconsideration based on information that was previously available to him." Hernandez v. United States, 608 F. App'x 105, 109 (3d Cir. 2015) (nonprecedential). "Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Here, the testimony presented at the trial is not newly discovered evidence.

Moreover, Petitioner's ability to point to the specific testimony in the trial transcript does not pose a need to correct a clear error of law or prevent manifest injustice. It has no impact on the Court's finding that the instruction

12

"did not negate the defense's case, as Petitioner claims, but instead compelled the jury to decide whether the Government had met its burden despite not having produced specific evidence from fingerprint or DNA analysis." Mem. 30, ECF No. 156. Because Petitioner merely attempts to "rehash" the same argument presented in his original motion, PBI Performance, 514 F. Supp. 2d at 744, his motion for reconsideration on these grounds will be denied.

    C.   The DEA Property Receipt

As a "supplement" to his Motion for Reconsideration, Petitioner filed a "Nunc Pro Tunc Motion based on Newly [D]iscovered [E]vidence." Nunc Pro Tunc Mot. 1, ECF No. 168. Without showing any relation to the argument in his Motion for Reconsideration, Petitioner contends that the appearance of Michael Green's name on a DEA property receipt, along with the evidence at trial, "would certainly support a circumstantial case that Agent Toledo and Michael Green were responsible for what took place on September 13[,] 2010." Id. at 2. Specifically, Petitioner seeks to supplement his Motion for Reconsideration with evidence of the DEA receipt--that is, the so-called "[n]ewly [d]iscovered evidence wh[ic]h was obtained from the Government." Id. at 1.

Presumably, this argument is in reference to Petitioner's § 2255 claim that the Government violated Brady v.

13

Maryland, 373 U.S. 83 (1963), by withholding evidence of Green's involvement in the crimes for which Petitioner was convicted. Mem. 26, ECF No. 156. Yet, as with his fingerprint evidence argument, the DEA property receipt was available prior to the Court's order denying § 2255 relief. The receipt was attached as Exhibit 2 to the Declaration of Frank Costobile, ECF No. 153-1, which was filed with the Government's response to Petitioner's Motion for Return of Property Under Rule 41(g), ECF No. 153. Therefore, Petitioner has failed to present new evidence not previously available.

Still, even if the Court were to consider the receipt, it presents no clear error of law by this Court or the need to prevent a manifest injustice. Where a movant avers in his motion for reconsideration that "a prior determination is clearly erroneous and would work a manifest injustice," he must demonstrate that the court's previous decision was not only wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." In re City of Phila. Litig., 158 F.3d 711, 720-21 (3d Cir. 1998).

Here, Petitioner attempts to relitigate matters already argued and of which the Court has already disposed. The DEA receipt has no bearing on the Court's previous holding that "Petitioner has not pointed to any evidence that Green planted drugs in Petitioner's home, and certainly not to any evidence

14

that the Government withheld such information." Mem. 27, ECF No. 156. Although the DEA receipt bears Michael Green's name in the "file title," ECF No. 153-1 at 6, the items listed on the receipt have no relation to the drugs found in Petitioner's home. As stated in the DEA agent's accompanying affidavit, the receipt "shows that, on December 29, 2010, a New Jersey registration DLY-73 and one Advent LCD television operating manual were returned to William Cannon, counsel for the defendant." Decl. Frank Costobile ¶ 8, ECF No. 153-1. These items are unrelated to the drugs that Petitioner was found guilty of possessing. The items therefore provide no new indication that Green planted the drugs. It remains true that Petitioner has not pointed to any evidence that Green planted drugs in Petitioner's home and certainly not to any evidence that the Government withheld such information.

Petitioner alleges that "[t]he Government in this case has repeatedly denied Michael Green's involvement in this case." Nunc Pro Tunc Mot. 1. But the Government has simply maintained that there is no evidence that Green planted the drugs that Petitioner was found guilty of possessing. For example, the Government responded to Petitioner's § 2255 motion by stating: "The government has charged a person named Michael Green with drug trafficking (Criminal No. 13-10) but has no information . . . that his man (or anyone else for that matter)

15

planted the drugs and gun that were found in Pitts's possession." Mem. 26-27, ECF No. 156. Therefore, the DEA receipt bearing Green's name does not contradict either the Government's position or the Court's denial of relief.

Petitioner has not presented the availability of new evidence, pointed to a clear error of law, or shown a manifest injustice. Therefore, Petitioner's motion on these grounds will likewise be denied.

**IV.   CONCLUSION**

For the foregoing reasons, the Court denies Petitioner's Motion for a Reduction of Sentence and Petitioner's Motion for Reconsideration.