IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL PITTS, | : | CRIMINAL ACTION |
| | : | NO. 10-703 |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 13-7593 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**O R D E R**

**AND NOW,** this **17th** day of **December, 2015,** it is hereby **ORDERED** as follows:

(1) Petitioner's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) (ECF No. 151) is **DENIED;**

(2) Petitioner's Motion for Reconsideration (ECF No. 162) is **DENIED;** and

(3) To the extent that Petitioner's "Response to the Government[']s Response to Motion for Reduction of Sentence" (ECF No. 167) contains a motion to correct his sentence, Petitioner's Motion is **DENIED.**[1]

---

[1] In response to the Government's position that Petitioner is ineligible for Amendment 782 relief, ECF No. 166, Petitioner argues that his conviction should have been characterized as "a drug case and not a firearm case" because Amendment 599 provides "that the defendant[']s use of a firearm, which already had led to a conviction and sentence under 924(c),

**AND IT IS SO ORDERED.**

                                         /s/ Eduardo C. Robreno
                                         **EDUARDO C. ROBRENO, J.**

---

should not be double counted by serving also as the basis for an enhancement of some other offense." Def.'s Resp. 2, ECF No. 167.

      Amendment 599 to the U.S. Sentencing Guidelines is found in a note to § 2K2.4, the applicable guideline for a violation of 18 U.S.C. § 924(c). The Amendment "clarified under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the Guidelines for those other offenses." United States v. Johnson, 290 F. App'x 458, 459 (3d Cir. 2008) (nonprecedential). The language of the Amendment "makes clear that [it] applies only to 18 U.S.C. § 924(c) convictions." United States v. Friend, 303 F.3d 921, 922 (8th Cir. 2002) (per curiam).

      While Amendment 599 has retroactive effect, it became effective on November 1, 2000, before Petitioner's sentencing in 2011. Thus, a § 3582(c) motion for a retroactive reduction cannot assist Petitioner under these circumstances. See United States v. Potts, 317 F. App'x 108, 110 n.4 (3d Cir. 2009) (per curiam) (nonprecedential) ("A motion to modify pursuant to 18 U.S.C. § 3582(c)(2) is only appropriate where the sentencing range applicable to the defendant has been lowered after sentencing has already taken place, and the change has been made retroactive.").

      Instead, the proper mechanism for such a challenge is a motion under 28 U.S.C. § 2255. United States v. Willis, 467 F. App'x 111, 112 (3d Cir. 2012) (nonprecedential). Petitioner previously filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 136, which was subsequently denied by this Court, ECF No. 156, 157. Because Petitioner did not raise Amendment 599 grounds in his previous § 2255 petition and the one-year statute of limitations has run for any new § 2255 motion, 28 U.S.C. § 2255(f), Petitioner is now barred from raising such arguments. Although the § 2255 statute of limitations is subject to equitable tolling, Petitioner has made no motion requesting leave to file. United States v. Johnson, 590 F. App'x 176, 178-79 (3d Cir. 2014). Therefore, Pitt's motion on these grounds is dismissed.