```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA         :    CRIMINAL ACTION
                                 :    NO. 10-703
     v.                          :
                                 :
NATHANIEL PITTS                  :
                                 :
                                 :
```

# **O R D E R**

**AND NOW**, this **4th** day of **May, 2017**, upon consideration of Defendant's pro se emergency motion pursuant to Federal Rule of Civil Procedure 60(b)(4) (ECF No. 193), the Government's motion to dismiss Defendant's pro se emergency motion (ECF No. 195), and Defendant's pro se response to the Government's motion to dismiss Petitioner's pro se emergency motion (ECF No. 196), it is hereby **ORDERED** that Defendant's pro se emergency motion is **DENIED**.[1]

---

[1] The thrust of Defendant's pro se emergency motion is that his indictment was never signed by the grand jury foreperson or the United States Attorney for the Eastern District of Pennsylvania. See ECF No. 193 at 1. Defendant argues that "[w]ithout the signatures[,] there can be no criminal proceeding brought upon an indictment." Id. at 2.

As the Government points out in its response, Defendant's pro se emergency motion rests "on a false premise." ECF No. 195 at 2 n.2. Though Defendant is correct that only an unsigned copy of the indictment was filed on the docket, see ECF No. 8, the Court has confirmed that the original indictment, a copy of which is attached hereto, was signed by both the grand jury foreperson and "an attorney for the government." Fed. R. Crim. P. 7(c)(1). (For security purposes, the Court has redacted

**AND IT IS SO ORDERED.**

                                              **/s/ Eduardo C. Robreno**
                                              **EDUARDO C. ROBRENO, J.**

---

the signature of the grand jury foreperson on the attached copy of the indictment. In any event, "the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment." Hobby v. United States, 468 U.S. 339, 345 (1984) (citing Frisbie v. United States, 157 U.S. 160, 163-65 (1895))).